IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 2:14-cr-127(8) |
| : | 2:15-cr-080(4) |
| **Plaintiff,** : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| DEOUNTE USSURY, : | |
| : | |
| **Defendant.** : | |

**<u>OPINION & ORDER</u>**

This matter comes before this Court following a limited remand by the Sixth Circuit regarding the timeliness of Defendant Deounte Ussury's appeals of this Court's "post-judgment order … vacating his conviction for a single count of his multi-count conviction and denying his request to reconsider the sentences imposed on his other convictions." (ECF No. 1919 at 1). The Government seeks to dismiss Mr. Ussury's appeals as outside the fourteen-day appeal window. *See* FED. R. APP. P. 4(b)(1)(A)(i). But as the Sixth Circuit explained, this fourteen-day window is not a jurisdictional issue, and as long as the notice of appeal is filed within the thirty-day extension window, the appellate court is free to remand the timeliness issue back to the district court. (*Id.* at 2 (citing *United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011), and *United States v. Payton*, 979 F.3d 388, 390 (6th Cir. 2020)).

Such is the case with Mr. Ussury: His appeal clock started ticking with this Court's January 6, 2023 post-judgment Order (*see* ECF No. 1839), and his notice of appeal is dated January 22 and was mailed on January 25 (*see* ECF No. 1845). While his notice of appeal came in after the fourteen-day period, it is within the thirty-day extension window, so the Sixth Circuit remanded

Mr. Ussury's appeals to this Court for consideration of whether he has shown "excusable neglect or good cause." FED. R. APP. P. 4(b)(4).

A showing of good cause requires that one's failure to file a timely notice of appeal was the result of "forces beyond" one's control. *Mizori v. United States*, 23 F.4th 702, 706 (6th Cir. 2022) (citing *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006)). A showing of good cause also only "applies in situations in which there is no fault — excusable or otherwise." FED. R. APP. P. 4(a)(5)(A)(ii) (advisory committee's note). On the other hand, excusable neglect grows out of the "ordinary meaning" of the term "neglect," encompassing "late filings caused by inadvertence, mistake, or carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 388 (1993). Whether such neglect is "excusable" is "at bottom an equitable" consideration. *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 429 (6th Cir. 2006) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395)).

Even in the face of excusable neglect, a district court must consider "the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395); *see United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996). While Supreme Court interpretations of this standard are not a "carte blanche" invitation to "grant motions for extensions of time under FED. R. APP. P. 4," *Thompson*, 82 F.3d at 702, the "liberal understanding of 'excusable neglect'" is particularly applicable in criminal appeals, *Stutson v. United States*, 516 U.S. 193, 196 (1996).

Mr. Ussury filed his pro se notice of appeal from federal prison. (*See* ECF No. 1845). His notice of appeal, dated January 22, explains that he received this Court's January 6 post-judgment

Order on January 19. (*Id.*). In line with the general acknowledgment of prison mail system delays, the Sixth Circuit applies the prison mailbox rule for filings by pro se prisoners. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002)). Under the mailbox rule, Mr. Ussury's "notice of appeal is considered 'filed' under federal law when he turns the petition over to the prison authorities for mailing." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (quoting *Houston v. Lack*, 487 U.S. 266, 270 (1988)). If this Court accepts that Mr. Ussury gave his notice of appeal for mailing the day it was dated, such notice was then "filed" only two days past the fourteen-day appeal window. Even if this Court accepts that Mr. Ussury's notice of appeal was "filed" the day it was mailed, this is only a five-day delay.

But either way, Mr. Ussury received this Court's Order thirteen days after it had been docketed, a mere three days before he dated his notice of appeal and six days before such notice was mailed. Under the *Pioneer* factors, such a slight delay is negligible and out of Mr. Ussury's control, and has little to no effect on the judicial proceedings. While the Government sought dismissal of his appeals as untimely, the Government acknowledged the remand for consideration of these factors would be appropriate. (ECF No. 1919 at 1). Given the circumstances, this Court does not see any danger of prejudice to the Government, and finds that Mr. Ussury has demonstrated excusable neglect in attempting his appeal. As such, an extension of the appeal deadline is appropriate, and Mr. Ussury's notice of appeal should nonetheless be considered timely.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:** August 21, 2024